**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-3976

JAMES WYDA
FEDERAL PUBLIC DEFENDER

May 28, 2021

The Hon. Paul W. Grimm
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *United States v. Bruce Ralph Sturtz*
              Crim. No. PWG-19-89

Dear Judge Grimm:

      On May 25, 2021, the government filed a letter alerting the Court to the Fourth Circuit's recent decision in *United States v. Hardin*, No. 19-4556, 2021 WL 2096368 (4th Cir. May 25, 2021).  ECF No. 124.  The government claims *Hardin* supports its view that Mr. Sturtz's prior conviction for Maryland "third-degree sexual offense" requires application of the sentencing enhancement in 18 U.S.C. § 2252A(b)(2).  But to the extent *Hardin* is relevant to this case at all, it actually supports the opposite conclusion.

      The defendant in *Hardin* argued the district court erred by holding his prior Tennessee statutory-rape conviction triggered the enhanced mandatory minimum sentence under 18 U.S.C. § 2252A(b)(1).  2021 WL 2096368, at *1.  That provision, like § 2252A(b)(2), applies when a defendant has previously been convicted "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."  Under the Tennessee statute in *Hardin*, "'Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim.'"  2021 WL 2096368, at *2 (quoting Tenn. Code Ann. § 39-13-506 (1993)).

      The Fourth Circuit noted that Title 18, Chapter 110, in which § 2252A(b)(1) appears, defines a "minor" as "'any person under the age of eighteen years.'"  *Id.* at *3 (quoting 18 U.S.C. § 2256(1)).  It further observed that under Fourth Circuit precedent, generic "abusive sexual conduct involving a minor" refers to "a 'perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.'"  *Id.* (quoting *United States v. Colson*, 683 F.3d 507, 510 (4th Cir. 2012)).  And the court explained that the words "relating to" in § 2252A(b)(1) mean "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with."  *Id.* at *4.  Under the categorical approach, therefore, the question the Fourth Circuit had to decide was whether the "the most innocent conduct" proscribed by the Tennessee statute—i.e., "consensual sex between a seventeen-year-old victim and a twenty-one-year-old defendant"—"stand[s] in some relation to a perpetrator's physical or nonphysical misuse or

The Hon. Paul W. Grimm
*United States v. Bruce Ralph Sturtz*, Crim. No. PWG-19-89
May 28, 2021
Page 2

maltreatment of a person under the age of eighteen for a purpose associated with sexual gratification." *Id.* at *2, 5.

The Fourth Circuit answered that question in the affirmative, for three reasons. First, a violation of the Tennessee statute always "involves a person under the age of eighteen," as required by the federal generic offense. *Id.* at *5. Second, all conduct prohibited by the Tennessee statute relates to physical misuse or maltreatment "for a purpose associated with sexual gratification," since "sexual gratification is necessarily bound up in . . . sexual penetration." *Id.* at *5 & n.9. And third, sexual penetration of someone who is legally incapable of consenting—as is the case with a statutory-rape victim—necessarily constitutes "misuse or maltreatment" of that person. *Id.* at *5.

Although it is unclear from the government's supplemental sentencing letter, the government's reliance on *Hardin* presumably rests on the following chain of reasoning: (1) like the Tennessee statutory-rape statute, Md. Code Ann., Crim. Law § 464B(a)(3) prohibits specified sexual acts with another person who is under a certain age, if the defendant is at least four years older; (2) Mr. Sturtz was convicted under subsection (a)(3) of § 464B, rather than some other subsection; and therefore (3) his statute of conviction categorically relates to "abusive sexual conduct involving a minor" for the same reasons as the statute in *Hardin*.

There are two problems with this argument.

**First,** as Mr. Sturtz explained in his sentencing memorandum, *see* ECF No. 91 at 33-34, the Maryland Court of Appeals has definitively held § 464B is indivisible. *Biggus v. State*, 593 A.2d 1060, 1062-64 (1991). The government's sentencing memorandum provided no reason to conclude *Biggus* is no longer good law. *See* ECF No. 98 at 7-11. As a result, this Court must decide whether § 464B *as a whole* categorically relates to a generic § 2252A(b)(2) predicate. *Hardin* does not speak to this issue.

**Second,** even if § 464B is divisible, and even assuming Mr. Sturtz was convicted under § 464B(a)(3), the statute differs in a crucial respect from the Tennessee statutory-rape statute in *Hardin*. Section 464B prohibits "sexual contact" under six enumerated circumstances, with "sexual contact" defined as the intentional touching of the victim or defendant "for the purposes of sexual arousal or gratification *or for abuse* of either party." Md. Code Ann., Crim. Law § 461(f) (1992) (emphasis added). But under the Tennessee statute, no violation occurs if a defendant acts for a purpose other than sexual gratification, such as "abuse" of the victim. The Fourth Circuit went out of its way to make this point in *Hardin*. After concluding the Tennessee statute meets § 2252A(b)(1)'s "sexual gratification" requirement, the court dropped the following footnote: "It cannot be contested that Tennessee statutory rape is 'for a purpose associated with sexual gratification.' . . . Hardin does not argue, nor could he, that Tennessee statutory rape is committed for some purpose other than one associated with sexual gratification." 2021 WL 2096368, at *5 n.9.

The Hon. Paul W. Grimm
*United States v. Bruce Ralph Sturtz*, Crim. No. PWG-19-89
May 28, 2021
Page 3

*Hardin* did not say expressly that if an offense can be committed for a purpose other than sexual gratification, then it does not relate to "abusive sexual conduct involving a minor." But the opinion's inclusion of footnote nine suggests, at the least, that the Fourth Circuit considers a defendant's purpose relevant to whether a prior conviction qualifies as a § 2252A(b)(1) predicate. And that is so even though § 2252A(b)(1) uses the "expansive term 'relating to,'" which does not require a "perfect" "match" between the statute of conviction and a federal generic offense. *Id.* at *4.

Thus *Hardin* confirms that Mr. Sturtz's prior conviction does not qualify for the § 2252A(b)(2) enhancement. A § 464B violation committed "for the purpose[] of . . . abuse" has no connection to sexual gratification—the "central element" of the § 2252A(b)(2) generic offenses, *Larios-Reyes v. Lynch*, 843 F.3d 146, 160 (4th Cir. 2016). In *Dillsworth v. State*, 503 A.2d 734, 735 (Md. Ct. Spec. App. 1986), for example, the Maryland Court of Special Appeals affirmed a conviction under § 464B's "for abuse" prong where the defendant went to his ex-girlfriend's house, "started yelling at [her] for not picking the kids up," and "began kicking and striking her." The defendant told the ex-girlfriend "'that if [she] wanted to f—k around he would rip [her] vagina out,'" and he then "'put his hand inside [her] and started to pull and tear at [her],'" causing "a six centimeter-long, one centimeter-deep laceration inside the vagina." *Id.* As the defendant himself argued, "there was no evidence that the alleged acts involved an effort for sexual arousal or gratification." *Id.* at 736. The most natural way to describe his conduct is as a generic assault—a "physical attack" on the victim, *id.* at 736, growing out of a soured relationship between former romantic partners who got into an argument. Indeed, the defendant in *Dillsworth* was also charged with assault with intent to maim and assault and battery, based on the same events. *Id.* at 735. Prosecutors were able to tack on the "third-degree sexual offense" charge only because of the happenstance that one part of the victim's body injured by the defendant's assault was her vagina.

As *Dillsworth* makes clear, a third-degree sexual offense committed "for abuse" does not even "stand in some relation to" sexual contact committed for the purpose of sexual gratification. *Hardin*, 2021 WL 2096368, at *5.

Respectfully,

/s/

James Wyda
Federal Public Defender

JW:sdf
ccs: AUSA Leah Grossi
     AUSA Joseph Baldwin