

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Leah B. Grossi*
*Assistant United States Attorney*
*Leah.Grossi@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT: 301-344-4235*
*MAIN: 301-344-4433*
*FAX: 301-344-4516*

**FILED BY ECF**

May 28, 2021

The Honorable Paul W. Grimm
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    United States v. Bruce Ralph Sturtz,
                Criminal No. PWG-19-089

Dear Judge Grimm:

    The purpose of this letter is to respond to the defense's letter in this case, dated May 28, 2021, regarding the Fourth Circuit's recent decision in *United States v. Hardin*, No. 19-4556, 2021 WL 2096368 (4th Cir. May 25, 2021). ECF No. 125. The Government respectfully disagrees with the defense's argument that *Hardin* supports their position that the defendant's prior conviction does not trigger the recidivist enhancement under 18 U.S.C. § 2252A(b)(1).

    ***First***, as the Government noted in its Sentencing Memorandum, there are multiple reasons why the Court should hold that the statute underlying the Defendant's conviction is a "divisible" one, including Fourth Circuit precedent (*e.g., United States v. Alfaro*, 835 F.3d 470, 473 (4th Cir. 2016)), Maryland case law (*e.g., Starkey v. State*, 147 Md. App. 700, 709 (Md. Ct. Spec. App. November 6, 2002)), and a plain reading of the statute. ECF No. 98 at 7-11. In fact, *Biggus v. State*, 593 A.2d 1060, 1062 (1991), which the defense cites to as supporting their argument, makes clear that the statute underlying the Defendant's conviction is divisible because the statute contains "alternative ways in which the single offense can be committed." *Id*. at 1064; see *Descamps v. United States*, 570 U.S. 254, 262 (2013) (a statute is "divisible" if it "comprises multiple, alternative versions of the crime").

    ***Second***, the Tennessee statutory rape statute in *Hardin* is very similar to the statute underlying the defendant's conviction here. In *Hardin* the underlying statute at issue reads as follows:

> (a) Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim.

*Id*. at *2 *quoting* Tenn. Code Ann. § 39-13-506 (1993).  The phrase "sexual penetration" within the Tennessee statute is defined under Tenn. Code Ann. § 39-13-501(7) to include "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." *Id*. at Ftn. 2.

The Government submits that the Defendant in this case was convicted under Article 27, Section 464B(a)(3) of the Annotated Code of Maryland, which states:

> A person is guilty of a sexual offense in the third degree if the person engages in sexual contact . . . With another person who is under 14 years of age and the person performing the sexual contact is four or more years older than the victim.

Md. Code Ann., Art. 27 § 464B(a)(3) (1957, 1996 Repl. Vol., 1999 Supp.).  At the time, the term "sexual contact" under Md. Code Ann., Art. 27 § 464B was defined as "the intentional touching of any part of the victim's or actor's anal or genital areas or other intimate parts for the purposes of sexual arousal or gratification or for abuse of either party and includes the penetration, however slight, by any part of a person's body, other than the penis, mouth, or tongue, into the genital or anal opening of another person's body if that penetration can be reasonably construed as being for the purposes of sexual arousal or gratification or for abuse of either part." Md. Code Ann., Art. 27 § 461(f) (1996).

Importantly, nowhere in the Tennessee statutory rape statute does it say for what purpose, sexual gratification or otherwise, the defendant had to have committed the crime.  One could assume that someone could be convicted for the same abusive, non-sexual in purpose, conduct under either the Tennessee statutory rape statute or the Maryland Third Degree Sex Offense statute depending on where the conducted occurred.  For example, both statutes allow for the conviction of an individual who might cause an intrusion, or penetration, of a minor's genitals for the purpose of abuse.  *See e.g., Biggus* at 1062 (defendant was convicted of Maryland Third Degree Sex Offense for digitally penetrating a fourteen-year old's victim's anus).  Both statutes are sexual offenses, in part, due to the body parts involved in the offense.  The body parts listed in both statutes are *associated* with sex or sexual gratification.

In *Hardin* and *Colson*, the Fourth circuit defined the phrase "abusive sexual conduct involving a minor" under § 2252A(b)(1) as meaning a "perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose *associated* with sexual gratification." *See Hardin* at *3 and *Colson* at 510 (emphasis added).  The Fourth Circuit did not say that the actions of the perpetrator had to be *for the purpose* of sexual gratification, instead the Fourth Circuit said that the actions of the perpetrator had to be *associated* with sexual gratification to amount to "abusive sexual conduct involving a minor."  Both the Tennessee and Maryland statutes criminalize behavior that is *associated* with sexual gratification based of the intimate body parts involved in the offense.  The subjective purpose of the perpetrator does not have to be for sexual gratification in order to be convicted of either offense.

Furthermore, when you add the "relating to" language from § 2252A(b)(1) to the analysis, the Fourth Circuit in *Hardin* stated that the conviction does not have to "amount to" sexual abuse or abusive sexual conduct involving a minor. *Id.* at *4 (internal quotations omitted). Instead, the conviction has to stand "*in some relation to* a perpetrator's physical or nonphysical misuse or maltreatment of a person under the age of eighteen for *a purpose associated with* sexual gratification." *Id*. (emphasis added). Both the Tennessee statutory rape statute and the Maryland Sex Offense in the Third Degree statute fit that definition. In fact, as the Court made clear in a footnote in *Hardin*, the Tennessee statutory rape statute fits within that definition even more so than the conviction underlying the *Colson* case. *Id*. at Ftn. 9.

In *Colson*, the question was whether the defendant's prior Virginia conviction for Production, Publication, Sale, or Possession, etc. of Obscene Items Involving Children triggered the recidivist enhancement under 18 U.S.C. § 2252A(b)(1). *Id.* at 509. According to the Court, the most innocent conduct prohibited by the Virginia statute in *Colson* was "the production or attempted production of a lewd exhibition of nudity that utilizes a minor as its subject." *Id*. at 510-511 (internal quotation marks omitted). In holding that the defendant's conviction triggered the recidivist enhancement, the Fourth Circuit in *Colson* did not address whether the purpose of the production of the lewd exhibition of nudity had to be for the purpose of sexual gratification (rather than a purpose *associated* with sexual gratification). One could imagine a conviction under the Virginia statute in *Colson* where a person produced, or attempted to produce, a lewd exhibition of nudity utilizing a minor for the purpose of later selling the image rather than for the purpose of the perpetrator's own sexual gratification.

***Third***, the Government submits the defendant's prior conviction does not just relate to "abusive sexual conduct involving a minor or ward," but that it also relates to "sexual abuse," which is another category of predicate state law offenses that trigger the sentencing enhancement. *United States v. Spence*, 661 F.3d 194, 197 (4th Cir. 2011). Under 18 U.S.C. § 2242, a perpetrator can be convicted of the federal offense of sexual abuse if the perpetrator engaged in a "sexual act" with another person who is incapable of appraising the nature of the conduct on the special maritime and territorial jurisdiction of the United States. *Id*. The phrase "sexual act" is defined under 18 U.S.C. § 2246(2) to include "the intentional touching . . . of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, **or** arouse or gratify the sexual desire of any person." *Id*. (emphasis added). Clearly, the defendant's underlying conviction stands in some relation to the generic federal definition of sexual abuse.

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

_____/s/_____
Leah B. Grossi
Assistant United States Attorney

cc:  James Wyda, Esq.